IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

C/A No.: 1:12-902-JFA-SVH

| | |
|---|---|
| Linda Wilson, Individually and as the Personal Representative of the Estate of Michael A. Wilson, <br><br>                      Plaintiff,<br>vs.<br><br>Berkeley County, Berkeley County EMS, Berkeley County Sheriff's Office, Sheriff H. Wayne Dewitt, individually and in his official capacity as Sheriff of Berkeley County, Ellen Williamson, PFC, officially and individually; Maybank, SGT, officially and individually; Hamlet, CPL, officially and individually; Ellwood, PFC, officially and individually; Biering, PFC, officially and individually, Temisan Etikerentse, M.D., Paula Brodie, R.N., and Hope Clinic, LLC,<br><br>                      Defendants. | ORDER |

On December 18, 2012, the parties filed a consent motion informing the court that J. Mitchell Lanier, counsel for defendant Paula Brodie, had passed away on December 1, 2012. [Entry #56]. The motion requested a stay of the scheduling order deadlines to give Ms. Brodie an opportunity to obtain new counsel. The undersigned granted the motion and directed Ms. Brodie to inform the court by January 22, 2013 whether she had obtained new counsel or planned to proceed pro se. [Entry #57]. The order also instructed the parties to submit a consent motion for an amended scheduling order by January 22, 2013. The order was sent electronically to Mr. Lanier's email address, as the court had no contact information for Ms. Brodie.

On January 22, 2013, the parties filed a consent motion to amend the scheduling order as instructed by the court. [Entry #60]. Although Ms. Brodie had not responded to the court's order, the court could not confirm that Ms. Brodie had received notice of the order in light of the circumstances. The undersigned's staff contacted Mr. Lanier's law office and requested that Mr. Lanier's staff file a document containing Ms. Brodie's contact information as required by Local Civil Rule 83.I.07 (D.S.C.). In response, Mr. Lanier's staff filed Entry #61, which indicates Plaintiff consents to Mr. Lanier being relieved as counsel of record for Ms. Brodie and contains her contact information.

The Clerk of Court is instructed to re-docket Entry #61 as a Consent to Relieve Counsel filed by Ms. Brodie pro se. The Clerk is further instructed to amend the docket to reflect that the court orders Mr. Lanier relieved as counsel of record and to reflect Ms. Brodie's contact information as a pro se party.  The court will issue an amended scheduling order extending all remaining deadlines in this case.  If Ms. Brodie so chooses, she will have ample time to engage new counsel before March 5, 2013, the first of the amended deadlines.  Ms. Brodie is specifically advised that, if she fails to secure a new attorney to represent her interests, the court will assume she will proceed pro se. Further the court expects this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide Ms. Brodie with legal advice.  Ms. Brodie is directed to consult the Pro Se Guide available on the District Court's website at www.scd.uscourts.gov under the "pro se" tab.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 24, 2013                                        Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge