IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Linda Wilson, Individually and as the Personal Representative of the Estate of Michael A. Wilson, | ) ) ) ) | C/A No.: 1:12-902-JFA-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| Berkeley County, Berkeley County EMS, Berkeley County Sheriff's Office, Sheriff H. Wayne Dewitt, individually and in his official capacity as Sheriff of Berkeley County, Ellen Williamson, PFC, officially and individually; Maybank, SGT, officially and individually; Hamlet, CPL, officially and individually; Ellwood, PFC, officially and individually; Biering, PFC, officially and individually, Temisan Etikerentse, M.D., Paula Brodie, R.N., and Hope Clinic, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff Linda Wilson, individually and as the personal representative of the estate of Michael Wilson, alleges that Michael Wilson died on March 14, 2010, as a result of injuries sustained at the Berkeley County Detention Center. [Entry #72]. Plaintiff sued the following defendants: Berkeley County; Berkeley County EMS; Berkeley County Sheriff's Office; Sheriff H. Wayne Dewitt; Ellen Williamson, PFC; Sgt. Maybank; Cpl. Hamlet; PFC Ellwood; PFC Biering (collectively "Berkeley County Defendants"); Temisan, M.D. ("Etikerentse"); Paula Brodie, R.N. ("Brodie"); and Hope Clinic, LLC ("Hope Clinic").

This matter comes before the court on the following motions: (1) defendant/cross-

claimant Brodie's motion to voluntarily dismiss her cross claims against Etikerentse and Hope Clinic [Entry #141]; (2) Brodie's motion for summary judgment on Berkeley County Defendants' cross claims against her [Entry #142]; and (3) the Berkeley County Defendants' notices of voluntary dismissal of their cross claims against Etikerentse, Hope Clinic, and Brodie. [Entry #145, #146].[1]  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for the district judge's consideration.

I.      Brodie's cross claims against Etikerentse and Hope Clinic

Brodie filed a motion for voluntary dismissal of her cross claims against Etikerentse and Hope Clinic. The motion indicates that Etikerentse and Hope Clinic consent to the voluntary dismissal of Brodie's claims against them. Further, Etikerentse and Hope Clinic did not file a response opposing the motion. The undersigned recommends the district judge grant Brodie's motion to voluntarily dismiss her cross claims against Etikerentse and Hope Clinic [Entry #141].

II.     Cross Claims of Berkeley County Defendants

As to Brodie's motion for summary judgment and Berkeley County Defendants' notices for voluntary dismissal, it is clear that all defendants consent to the dismissal of the cross claims brought by Berkeley County Defendants against Brodie, Etikerentse, and Hope

---

[1] The undersigned notes that Etikerentse and Hope Clinic withdrew their motion for summary judgment on Berkeley County Defendants' cross claims against them [Entry #143] in light of Berkeley County Defendants' filing a notice of voluntary dismissal of those claims. [Entry #147].

Clinic. The notice of voluntary dismissal is technically deficient because Fed. R. Civ. P. 41 does not permit a claimant to dismiss claims without a stipulation of dismissal or order of the court. However, because the docket clearly reflects that all defendants consent to the dismissal [Entry #142, #143, #147], the undersigned recommends that the Berkeley County Defendants'[2] cross claims against Brodie, Etikerentse, and Hope Clinic be dismissed. If the district judge accepts this recommendation, Brodie's motion for summary judgment [Entry #142] will be rendered moot.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge: (1) grant Brodie's motion to dismiss her cross claims against Etikerentse and Hope Clinic [Entry #141]; (2) dismiss Berkeley County Defendants' cross claims against Brodie, Etikerentse, and Hope Clinic, pursuant to their notices of voluntary dismissal [Entry #145, #146]; and (3) deem moot Brodie's motion for summary judgment [Entry #142].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 24, 2014                               Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned notes that Berkeley County Defendants' notice of dismissal did not include Berkeley County EMS. [Entry #145]. However, in light of its contention that Berkeley County EMS is not a distinct legal entity from Berkeley County [Entry #139], the undersigned construes the notices as disclaiming all cross claims brought by Berkeley County Defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).