IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda Wilson, Individually and as the Personal Representative of the Estate of Michael A. Wilson,<br><br>      Plaintiff,<br><br>vs.<br><br>Berkeley County, Berkeley County EMS, Berkeley County Sheriff's Office, Sheriff H. Wayne Dewitt, individually and in his official capacity as Sheriff of Berkeley County, Ellen Williamson, PFC, officially and individually, Maybank, SGT, officially and individually, Hamlet, CPL, officially and individually, Ellwood, PFC, officially and individually, Biering, PFC, officially and individually, Temisan Etikerentse, M.D., Paula Brodie, R.N., and Hope Clinic, LLC,<br><br>      Defendants. | C/A No. 1:12-902-JFA-SVH<br><br><br><br>**ORDER** |

      Plaintiff Linda Wilson, individually and as the personal representative of the estate of Michael Wilson, alleges that Michael Wilson died on March 14, 2010, as a result of injuries sustained at the Berkeley County Detention Center. (ECF No. 72). Plaintiff sued the following defendants: Berkeley County; Berkeley County EMS; Berkeley County Sheriff's Office; Sheriff H. Wayne Dewitt; Ellen Williamson, PFC; Sgt. Maybank; Cpl. Hamlet; PFC Ellwood; PFC Biering (collectively "Berkeley County Defendants"); Temisan Etikerentse, M.D. ("Etikerentse"); Paula Brodie, R.N. ("Brodie"); and Hope Clinic, LLC ("Hope Clinic").

      This matter comes before the Court on the following motions: (1) defendant/cross-claimant Brodie's motion to voluntarily dismiss her cross claims against Etikerentse and Hope Clinic (ECF No. 141); (2) Brodie's motion for summary judgment on Berkeley County Defendants' cross claims against her (ECF No. 142); and (3) the Berkeley County Defendants' notices of voluntary dismissal of their cross claims against Etikerentse, Hope Clinic, and Brodie. (ECF No. 145, 146).

1

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that this Court grant the aforementioned enumerated motions. The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the Court incorporates such without a recitation.

The non-moving parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on February 24, 2014. However, no objections were filed. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference in its entirety.

Accordingly, this Court (1) grants Brodie's motion to dismiss her cross claims against Etikerentse and Hope Clinic (ECF No. 141); (2) dismiss Berkeley County Defendants' cross claims against Brodie, Etikerentse, and Hope Clinic, pursuant to their notices of voluntary dismissal (ECF No. 145, 146); and (3) deems moot Brodie's motion for summary judgment (ECF No. 142).

The Court will schedule this case for trial during the November/December 2014 term of court.

IT IS SO ORDERED.

August 28, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

2