IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Linda Wilson, Individually and as the Personal Representative of the Estate of Michael A. Wilson, | ) | C/A No.: 1:12-902-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hope Clinic, LLC; Temisan L. Etikerentse, M.D.; and Paula Brodie, R.N., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter has been calendared for trial beginning Monday, March 23, 2015.  In preparation for trial, the Court has held a series of pretrial conferences.  This Order shall serve to memorialize certain rulings made previously by this Court and to announce the Court's rulings on certain matters that were taken under advisement.

### Defendant Brodie's Motion in Limine on Liability Insurance (ECF No. 217)

At this time, nothing brought to the Court's attention has served to open the door to the issue of liability insurance being put before the Jury.  If Plaintiff is of the opinion that events at trial serve to open the door, Plaintiff should inform the Court and the Court will conduct a hearing out of the Jury's presence to rule on the issue.

**Defendant Brodie's Motion in Limine**
**to Exclude Improper Medical Testimony (ECF No. 218)**

Plaintiff's counsel has agreed that he will not seek to offer lay opinion testimony regarding medical treatment of Michael A. Wilson.

**Defendants' Motion to Reconsider**
**the Use of Deposition Testimony (ECF No. 219) (ECF No. 226)**

The Court declines to disturb its earlier ruling that the Defendants should be allowed to present testimony from three witnesses who were previously retained as experts by the Plaintiff: (1) James E. Aiken; (2) Dr. Ronald R. Jason; and (3) Charles D. Silk. Defendants will be allowed to present testimony from these witnesses, but only if they are produced as live witnesses at trial.

As this Court has indicated on several occasions, it is rare for a court to permit one side to "poach" or "borrow" experts formerly retained by the opponent. In *Peterson v. Willie*, 81 F.3d 1033, 1036–37 (11th Cir. 1996), the Court of Appeals noted that various approaches have been taken when an expert originally retained by one side is called by the other side. Some courts have permitted such experts to be called, but prohibited reference to the fact that they were originally retained by the adversary; some have refused to permit such experts to testify absent a showing of need. A showing of need generally involves demonstrating to the court that the field of expertise is so narrow that there are literally just a few experts in the field who may be called. Such is not the case here. In *Peterson*, the Court concluded that the issue of whether such expert should be permitted to testify is committed to the sound

discretion of the trial court, but cautioned that leave should not ordinarily be granted if other experts are readily available.

Viewed in this light, this Court has exercised its discretion to allow the Defendants to call the experts formerly retained by the Plaintiff, but that does not mean that the Court is locked into the procedure outlined in the Federal Rules of Civil Procedure that allow for the use of a deposition for a witness who is beyond the Court's subpoena power. In other words, the Court would very easily have disallowed the use of these experts and required the Defendants to obtain their own experts, because as noted above, this is not a field where experts on the subject are rare and hard to find. For that reason, in exercising its discretion, this Court has determined that it will allow the experts to be called, but only if they are called live. The depositions that were taken were not designated as trial depositions, and the Court has reviewed the questions asked by Plaintiff's counsel at the depositions of the three experts and determined that, as was suggested at the hearing, these questions were merely followup questions to clarify a few technical matters.

For the foregoing reasons, the Court will not disturb its earlier ruling that the experts may be called by the Defendants, but only as live witnesses, with the Defendants paying the costs of the experts.

**Plaintiff's Omnibus Motion in Limine (ECF No. 220)**

Regarding decedent Michael Wilson's criminal history and use of marijuana, the Court has examined the pertinent questions from the cross examination of Linda Wilson and

3

concludes that the Plaintiff's motion should be denied. Ms. Wilson has testified that the death of her husband will present grave problems for her in terms of her life care plan and, viewed in this light, evidence that indicates that the decedent was incarcerated from time to time and used marijuana from time to time is relevant to the issue of the degree of care he was equipped to provide to Ms. Wilson. The questioning on the criminal record was not overly cumulative; however, the testimony elicited from Plaintiff during cross examination by Defendant Paula Brodie's counsel regarding decedent's marijuana use was cumulative and should not be shown to the Jury. Further, in her response to Plaintiff's Motion in Limine to Exclude Certain Evidence, Brodie requested the admission of medical records from the Trident Medical Center that evidence decedent's marijuana use prior to his death. The Court denies this request as this would be unfairly prejudicial and overly cumulative.

With regard to allegations of negligence or deliberate indifference on the part of Berkeley County personnel, the Court has denied this motion. (ECF No. 220). In personal injury cases, the defendant has always been afforded the opportunity to present the so-called "empty chair" defense. Therefore, the Court will allow evidence and argument regarding any deficiencies in the conduct of Berkeley County personnel and will not permit the Defendants to inform the jury that Berkeley County and individual Correctional Officers were at one time parties to this lawsuit.

With regard to the deposition experts from Tina Maybank, Ursula Hamlet, and Linda Wilson, Defendants indicated that Tina Maybank and Ursula Hamlet will be called as live witnesses, and that Plaintiff Wilson's discovery deposition testimony will only be used if her de bene esse video deposition differs from that of her discovery deposition.

### Statement Made by Tammy Snodgrass (ECF No. 221)

Defendant Etikerentse and Hope Clinic's Motion in Limine to prohibit Plaintiff from introducing or eliciting testimony regarding Dr. Etikerentse's preference for seeing "paying patients" as opposed to persons being held at the detention center. Apparently, testimony of this nature is to be offered through the testimony of Tammy Snodgrass. The Court will hold this motion under advisement, and at the appropriate time, allow Ms. Snodgrass to be examined outside of the Jury's presence and then the Court will make a determination on this part of the motion.

### Evidence as to Dr. Etikerentse's Contract with Berkeley County (ECF No. 222)

The Court will deny this motion. As the Court indicated at the final pretrial conference on March 18, 2015, it is simply impossible to expect the Jury to understand the issues in this case if they do not know that the Defendants had a contract with Berkeley County to provide certain types of medical services to Hill-Finklea Detention Center. Although the Court recognizes that no claim for breach of contract is asserted in this case against Dr. Etikerentse, the contract nevertheless serves to establish certain duties which ran from the Defendants to the Plaintiff as a matter of law. The Courts of South Carolina have

recognized on numerous occasions that "an affirmative legal duty may be created by a statute, *a contractual relationship*, status, property interest, or some other special circumstance." *Madison v. Babcock Center*, 638 S.E.2d 650 (S.C. 2006). As the Court noted in *Madison*, "It has long been the law that one who assumes to act, even though under no obligation to do so, thereby becomes obligated to act with due care." *Id.*

Moreover, as noted in Plaintiff's Memorandum in Opposition to the Defendants' motion (ECF No. 230), in this case, Defendants' own experts have given opinions regarding the performance of the Defendants by referring to the obligations created under the contract in dispute.

For the foregoing reasons, the motion to disallow evidence regarding the contract is denied.

### Defendants Dr. Etikerentse and Hope Clinic's Motion in Limine to Exclude Improper Medical Testimony (ECF No. 223)

The Court announced that it will require the Plaintiff to establish a proper foundation under Federal Rule of Evidence 803(6) in order to admit medical bills incurred by the Plaintiff. Moreover, lay witnesses will not be permitted to comment upon or interpret these medical bills.

### Defendant Brodie's Motion in Limine to Exclude (ECF No. 224)

The Court will allow Correctional Officer Ellen Williamson to testify regarding her involvement with the decedent's medical condition, and will allow her to testify that she did

not contact the medical staff of the Defendants regarding the decedent's behavior, but instead reported it to her supervisors.  C/O Williamson will not be allowed to testify as to what her supervisors told her regarding whether a phone call was made, because such testimony would be hearsay and clearly excludable under the Federal Rules of Evidence.

With regard to what is characterized as inadmissible character evidence concerning Defendant Brodie, the Court will grant the motion and will not allow a lay witness to give an opinion regarding the medical care that Nurse Brodie provided or otherwise refer to her character.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

March 20, 2015                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge